**POIRIER v. ZAIDMAN.**

No. 17213.

Court of Appeal of Louisiana. Orleans.

Dec. 11, 1939.

Guy J. D'Antonio, of New Orleans, for appellant.

Deutsch and Kerrigan and Lehman K. Preis, all of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit on a building contract brought by the contractor against the owner of the building for $120, the alleged balance due. Defendant resists the claim upon the ground that the work was improperly executed.

There was judgment below in favor of plaintiff as prayed for and defendant has appealed.

Joseph O. Poirier contracted with Mrs. Malka Zaidman Pianko to perform certain work and furnish all necessary material for $220, $100 of which was to be paid in advance and the remainder upon the completion of the work. Among other things that Poirier agreed to do was to build a shed 20'x20' and furnish all labor, concrete and roofing paper, "the sides to be built on a nine inch wall". The lumber to be used in the construction of the shed was to be furnished by the owner. When Poirier announced that he had completed his undertaking and requested the payment of the balance due under the contract, Mrs. Pianko refused upon the ground that the shed was defective in a number of particulars which, upon the trial, were limited to the chain wall, the roof and one side of the building.

The objection to the roof was based upon the fact that it sagged in the middle and when this fact was called to Poirier's attention he offered to remedy it if Mrs. Pianko would furnish the material. His offer was not accepted and the roof was repaired through someone else. We

are of opinion that this objection to plaintiff's work cannot now be considered.

 With reference to the . lake side wall of the shed, Poirier explains that the lumber furnished by Mrs. Pianko was of a poor quality, being some which she had on the premises obtained from the demolition of another structure which had been, at one time, on her property. Since this testimony does not seem to be refuted, the defective lumber being supplied by Mrs. Pianko, she cannot complain of a defect in the building due to defective material.

The final and only serious objection relates to the chain wall and is based upon the contention that it was only six inches high instead of nine inches. Plaintiff insists that he has complied with the contract and that the chain wall is nine inches high. At the suggestion of the trial judge both counsel measured the chain wall and produced a diagram which was offered in evidence, demonstrating their findings. It appears from this diagram that the chain wall on two entire sides measures nine inches and that on the other two sides the wall is, for the most part, eight inches and to a lesser extent nine inches and in a very small section six and one-half and seven inches. Since there is no evidence in the record which would indicate that the slight departure from the nine inches agreed upon is detrimental to the building, we regard the contract as having been substantially complied with. However, the measurements made by the attorneys were all made from the exterior of the wall, whereas, defendant has produced a witness, John R. Hughes, of considerable experience in the building business in New Orleans, who testified that it was the custom to measure the height of a chain wall from the floor and that in this instance the concrete floor is three inches thick, which gives the chain wall a height of only six inches. If, therefore, Mr. Hughes is correct in his statement as to the custom in the contracting business in regard to the measurement of chain walls, a disparity of three inches would hardly justify a finding that the contract had been substantially complied with, but we cannot accept Mr. Hughes' standard as controlling because, in the first place, Poirier denies the existence of such a custom in the building trade and, therefore, it may be considered as not established by the evidence, and in the next place, the attorneys who made the examination of the chain wall under the instructions of the Court, measured it from the exterior, which would indicate that counsel accepted and agreed upon that method of measurement.

Having disposed of all of the complaints in reference to the contract sued on, it follows that the plaintiff should recover; consequently, and for the reasons assigned, the judgment appealed from is affirmed.

Affirmed.